UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-14094-ALTMAN

**WILLIAM J. WALLACE**,

    *Plaintiff*,

v.

**FLORIDA DEPARTMENT
OF CORRECTIONS**
and **COLONEL B. STEPHENSON**,

    *Defendants*.
_____/

## ORDER

Our Plaintiff, William J. Wallace, has filed a *pro se* civil-rights complaint under 42 U.S.C. § 1983. *See* Complaint [ECF No. 1]. Wallace alleges that Colonel "B. Stephenson" violated his Fifth Amendment rights by confiscating Wallace's prison-issued tablet, depriving Wallace of "the right to be able to communicant [sic] with his family," and preventing Wallace from accessing "107 songs" he had purchased. *Id.* at 5–6. After careful review, we **DISMISS** the Complaint because it fails to state a viable claim.

### THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). A "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In screening a prisoner's complaint, we must "dismiss the complaint, or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). In our Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. FLA. L.R. 88.2; *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. FLA. L.R. 88.2(a).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Courts may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se*

complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."). The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the district court." *Ibid.*; *see also GJR Inves., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Ashcroft*, 556 U.S. 662.

## ANALYSIS

According to Wallace, Colonel Stephenson confiscated his prison-issued tablet on October 5, 2023. *See* Complaint at 5.[1] Colonel Stephenson informed Wallace that "he won't be getting a new tablet nor will he be getting his money back that payed for for music." *Ibid.* (errors in original). Wallace asks us to order the Florida Department of Corrections to "reimburse the plaintiff" for all "the money he spent on his tablet," because he no longer can access the 107 songs he purchased with his own money. *Id.* at 6. Wallace says that Colonel Stephenson's decision to take his tablet violated his Fifth Amendment rights. *See id.* at 3.[2] Liberally construing Wallace's allegations, we find that Wallace is

---

[1] Wallace claims that his tablet was confiscated "for no reason," Complaint at 6, but this allegation is refuted by Wallace's own exhibits, which indicate that prison officials confiscated the tablet because it was "compromised." Grievance Exhibit [ECF No. 1-1] at 1. Wallace may disagree that his tablet was "compromised," but the record unambiguously shows that he *was* given a reason for the confiscation. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023) ("If an exhibit attached to a complaint contradicts the allegations about the exhibit set forth in the complaint itself, the exhibit controls.").

[2] Wallace alleges no facts against the Florida Department of Corrections, *see generally* Complaint, so he's obviously failed to state a claim against that Defendant, *cf. Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) ("[W]e conclude that Newbauer failed to include any factual allegations that were sufficient to satisfy the pleading standard set forth in *Iqbal* and *Twombly*[.]"). And, even if Wallace had provided some facts, we'd still dismiss the Florida Department of Corrections from this case because that entity is immune from suits for money damages. *See Leonard v. Dep't of Corr. Fla.*, 232 F. App'x

3

trying to assert *either* a Takings-Clause claim *or* a procedural-due-process claim. *See* U.S. CONST. amend. V ("[No person shall] be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."). But we reject out of hand Wallace's Takings-Clause claim because there's no suggestion in the record that the tablet was reappropriated for "public use." *See Peterka v. Dixon*, 2023 WL 7272116, at *2 (N.D. Fla. Oct. 10, 2023) (Fitzpatrick, Mag. J.) ("Plaintiff alleged that his private property was required to be surrendered because of a DOC rule, he did not allege that his property was not taken for 'public use.'"), *report and recommendation adopted*, 2023 WL 7182114 (N.D. Fla. Nov. 1, 2023) (Walker, C.J.). We'll therefore focus only on whether Wallace's allegations are sufficient to show that his due-process rights were violated.

The Due Process Clause of the Fourteenth Amendment[3] requires "the government [to] provide an individual with notice and an opportunity to be heard before seizing his property." *Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015) (citing *Reams v. Irvin*, 561 F.3d 1258, 1263 (11th Cir. 2009)). "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). A plaintiff asserting a procedural-due-process claim must *also* show that he lacks an "adequate post-deprivation remedy" under state law *before* he can seek redress in federal court. *See Carcamo v. Miami-Dade Cnty.*, 375 F.3d 1104, 1105 (11th Cir. 2004) ("[A] random and unauthorized deprivation does not violate procedural due process if the state provides an adequate post-deprivation remedy.").

---

892, 894 (11th Cir. 2007) ("The Department of Corrections is not amendable to suit because it has immunity under the Eleventh Amendment." (citing *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989))).
[3] The Fourteenth Amendment's due-process clause—not the Fifth Amendment's—applies here because Colonel Stephenson is employed by a state agency. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'").

For starters, Wallace never suggests that he had a constitutionally protected property interest in his tablet. He, in fact, doesn't seek compensation for *the tablet* at all. *See* Complaint at 6 ("The Plaintiff is asking to be reimburse [sic] for the music because I am being told that I can't have a tablet so the Plaintiff is asking for the money that he spent on his tablet to be given back to him."). And that's probably because Florida law suggests that inmates don't *own* the tablets they're given. *See* FLA. ADMIN. CODE r. 33-602.900(5)(b) ("Possession of a tablet by an inmate is a privilege that may be forfeited by any inmate who fails to abide by the rules of the Department or any applicable state or federal law."); *see also* FLA. ADMIN. CODE r. 33-602.900(5)(a) ("[A] tablet may be obtained from the vendor by an inmate authorized to possess a tablet at no cost to the inmate."). This is especially true when a tablet is confiscated because it's been compromised or altered. *See, e.g.*, *Evans v. Budz*, 2010 WL 2921616, at *4 (M.D. Fla. July 23, 2010) (Steele, J.) ("Here, Plaintiff states that the property was not returned because it was 'altered.' To the extent that FCCC officials deemed the tapes to be contraband, Plaintiff has no property interest in any item that is classified as contraband."); *cf. Robinson v. Doe*, 761 F. App'x 855, 856–57 (10th Cir. 2019) (holding that "Robinson has not been deprived of ownership or possession of any property" when prison officials took his "electronic tablet he purchased from the prison canteen"); *Burrell v. DOCCS*, 665 F. Supp. 3d 112, 128 (N.D.N.Y. 2023) (finding that an inmate's "loss of [tablet] use" did not "invoke the due process clause"). And that's exactly what happened here: Wallace's tablet was confiscated because prison officials believed that it had been "compromised." *See* Grievance Exhibit [ECF No. 1-1] at 1 ("Your tablet was compromised and was confiscated to be forwarded to JPay."); *cf.* FLA. ADMIN. CODE r. 33-602.900(5)(o) (not allowing prisoners to "modify, alter, circumvent, attempt to modify, attempt to alter, or attempt to circumvent any audio or video capabilities or security features" on a prison-issued tablet). Seemingly understanding all this, Wallace says only that he had a property interest in *the music* he purchased for the tablet. *See* Complaint at 6 ("[T]he plaintiff is asking for the money that he spent on his tablet to be

5

given back to him."); *id.* at 7 ("[I] purchase [the songs] with my money not with any money that DOC gave me.").

And *this* question—whether Wallace has a property interest in *the music* he purchased for the tablet—is admittedly a closer call. Some courts in our Circuit have suggested—albeit in a different context—that prisoners *might* have a constitutionality protected interest in music they buy for a prison-issued tablet. *See Rodriguez v. JPay, Inc.*, 2019 WL 11623939, at *5 (S.D. Fla. Oct. 30, 2019) (Maynard, Mag. J.) ("Under FDOC's new policy, not only can Plaintiffs not listen to their digital music, they cannot receive any economic benefit from it. They are therefore deprived of its entire value."); Order Denying Class Certification and Denying Summary Judgment, *Demler v. Inch*, No. 4:19-cv-94 (N.D. Fla. Sept. 25, 2019) (Hinkle, J.), ECF No. 64 at 8 ("Mr. Demler's purchased music is stored not on the MP3 player but on the cloud. Only Mr. Demler can access that music. Under the Department's new policy, the music on the cloud is gone—not available to Mr. Demler or anyone else."). But courts in other circuits have come out the other way. *See Robinson*, 761 F. App'x at 856 (finding no due-process violation where the plaintiff "lost the ability to play music on an electronic tablet he purchased from the prison canteen"); *Ferri v. N.M. Dep't of Corr.*, 2020 WL 1935167, at *3 (D.N.M. Apr. 22, 2020) ("[P]olicies limiting the retention of hobby materials, electronic tablets, television, radio, entertainment systems, and snacks did not impose an atypical and significant hardship on inmates."); *Hearns v. Cisnero*, 2023 WL 5353665, at *7 (E.D. Cal. Aug. 18, 2023) ("Because Plaintiff does not have a liberty interest in possessing a JPay tablet and its contents, Plaintiff is unable to state a cognizable due process claim.").

Fortunately, we don't have to resolve this thorny question today because Wallace has an "adequate post-deprivation remedy" under state law. *Carcamo*, 375 F.3d at 1105. The Florida Department of Corrections allows inmates, upon their release, to retrieve the content they purchased for their tablets. *See* FLA. ADMIN. CODE r. 33-602.900(5)(s) ("A former inmate may obtain access to

6

his or her purchased content by contacting the vendor. The Department assumes no responsibility for an inmate's purchased content prior to or upon the inmate's release."). Prisoners may also assert a state-law cause of action against their jailers under FLA. STAT. § 768.28(1), which "allows an aggrieved party to seek monetary damages against the state or its agencies for injury or loss of property." *Ash v. JPay*, 2023 WL 2646513, at *2 (S.D. Fla. Mar. 27, 2023) (Ruiz, J.); *see also Loor v. Bailey*, 708 F. App'x 992, 995 (11th Cir. 2017) ("The existence of § 768.28 provides Loor with a meaningful, post-deprivation remedy to challenge the loss of property."). In other words, the state system already provides Wallace with the means *either* to regain access to the music he purchased *or* to recover the value of that music—assuming (of course) that Colonel Stephenson's actions were improper. *See Lindsey v. Storey*, 936 F.2d 554, 560 (11th Cir. 1991) ("Even assuming the continued retention of plaintiffs' personal property is wrongful, no procedural due process violation has occurred if a meaningful postdeprivation remedy for the loss is available. Though defendants admit retaining plaintiffs' personal property, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." (cleaned up)). For all these reasons, Wallace fails to advance a viable procedural-due-process claim.

Accordingly, we hereby **ORDER AND ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). All pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on April 8, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   William J. Wallace, *pro se*